UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOHN DOE,                                                                               No.: 1:25-cv-2951

                                        Plaintiff,                     **COMPLAINT AND DEMAND FOR JURY TRIAL**

        -against-

SETON HALL UNIVERSITY,
ROB SHEPPARD, individually and in his official capacity,
J.D., in his individual capacity;
J.T., in his individual capacity; and
A.S., in his individual capacity

                                        Defendants.
------------------------------------------------------------------------X

       Plaintiff, JOHN DOE, by and through his attorneys, MARK DAVID SHIRIAN P.C., complaining of the Defendants, SETON HALL UNIVERSITY (hereinafter referred to as "SETON HALL UNIVERSITY"), and ROB SHEPPARD (hereinafter referred to as "SHEPPARD") respectfully alleges as follows:

## INTRODUCTION

       1. Plaintiff JOHN DOE brings this action against Seton Hall University, Head Baseball Coach Rob Sheppard, and teammates J.D., J.T., and A.S. for severe hazing, abuse, and misconduct endured during his brief tenure as a freshman student-athlete in the Seton Hall University baseball program in August and September 2024. These acts, including coerced sexual exposure, physical assault, sexualized rituals, and retaliatory ostracization, created a hostile and unsafe environment, causing significant physical, emotional, academic, and professional harm to Plaintiff.

       2. Seton Hall University's deliberate indifference to pervasive hazing in its baseball program, driven by gender stereotypes that minimize male hazing as "boys being boys,"

constitutes intentional discrimination against male student-athletes, in violation of Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681 et seq.). Defendants' actions and inactions also violate New Jersey's Anti-Hazing Law (N.J.S.A. 2C:40-3), and common law principles of negligence, assault, battery, and intentional infliction of emotional distress.

3. Plaintiff seeks compensatory damages, punitive damages, injunctive relief, attorneys' fees, and other relief deemed just and proper by this Court to remedy the profound harm caused by Defendants' misconduct and to ensure Seton Hall addresses its discriminatory practices.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) over Plaintiff's claims under Title IX and 28 U.S.C. § 1367 (supplemental jurisdiction) over related state law claims.

5. This Court has personal jurisdiction over Defendant Seton Hall University because it purposefully directed recruitment activities toward Plaintiff in Suffolk County, New York, including communications and offers of athletic scholarships while Plaintiff was a high school student. These activities establish minimum contacts with New York, and the claims arise from Seton Hall's conduct in recruiting Plaintiff.

6. Personal jurisdiction over Defendants Sheppard, J.D., J.T., and A.S. is proper because they acted as agents of Seton Hall University or participated in tortious conduct (hazing and abuse) that caused harm to Plaintiff, a resident of Suffolk County, New York, and the effects of their actions were felt in this district.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in the Eastern District of New York,

including Seton Hall University's recruitment of Plaintiff while he was a high school student in Suffolk County, New York, which initiated the relationship leading to the harm. Additionally, Plaintiff resides in this district, and the ongoing effects of Defendants' actions, including emotional distress and career disruption, are felt here.

## PARTIES

8. Plaintiff JOHN DOE is an individual and former student-athlete at Seton Hall University, currently residing in the County of Suffolk, State of New York.

9. Plaintiff, JOHN DOE, is an adult male individual whose name and address are not contained in this Complaint to protect his privacy and identity, as he incurred injuries and damages of a sensitive nature as a result of the sexual abuse, and intentional acts by the Defendant as outlined below.

10. There exists good cause for Plaintiff to use a pseudonym due to the harmful effects the public disclosure of his identity would have because of the nature of the case, sexual abuse, which includes, (a) enhancing his already existing injuries by the stress and anxiety that surrounds public disclosure of having been sexually assaulted thereby exacerbating their mental injuries and emotional harms; (b) the subject of the lawsuit is humiliating, embarrassing and carries with it a negative stigma; (c) and having his name revealed will cause unwanted personal attention from the public at large. Plaintiff's undersigned counsel will provide the identity of Plaintiff to the Defendant.

11. As such, Defendant suffers no prejudice as a result of concealing Plaintiff's identity in the Complaint and Verification.

12. At all relevant times, Plaintiff was enrolled as a freshman at Seton Hall University and a member of its baseball team. During the events described herein, in August and

3

September 2024, Plaintiff was 17 years old and a minor.

13. Defendant Seton Hall University is a private, non-profit educational institution organized under the laws of New Jersey, with its principal place of business at 400 South Orange Avenue, South Orange, New Jersey 07079.

14. Upon information and belief, Seton Hall receives federal funding and is subject to Title IX.

15. Defendant Rob Sheppard is an individual and, at all relevant times, was the Head Coach of the Seton Hall University baseball team, acting in his official capacity as an employee and agent of Seton Hall University. He is sued in both his individual and official capacities.

16. Defendant J.D. is an individual and, at all relevant times, was a sophomore student-athlete on the Seton Hall University baseball team, residing in New Jersey.

17. Defendant J.T. is an individual and, at all relevant times, was a student-athlete on the Seton Hall University baseball team, residing in New Jersey.

18. Defendant A.S. is an individual and, at all relevant times, was a transfer student-athlete on the Seton Hall University baseball team, residing in New Jersey.

19. At all relevant times, Plaintiff met the definitions of a "student" under all applicable statutes.

20. At all relevant times, Plaintiff met the definitions of an "employee" under all applicable statutes.

21. Defendant Rob Sheppard, is and was duly appointed as a Baseball Coach for SETON HALL UNIVERSITY, and acting as an officer, servant, employee, and agent of defendant SETON HALL UNIVERSITY. Defendant Sheppard is and was at all times relevant herein acting in the course and scope of his duties and functions as SETON HALL

UNIVERSITY Baseball Coach for SETON HALL UNIVERSITY as an agent, servant, and employee of defendant SETON HALL UNIVERSITY, was acting for, and on behalf of, and with the power and authority vested in him by SETON HALL UNIVERSITY, and was otherwise performing and engaging in conduct incidental to the performance of her functions in the course of his duties, who, implemented, enforced, and /or effectuated the policies and unlawful conduct of which is the subject policy of this action. Defendant Sheppard is sued in his individual and official capacity.

22. At all times relevant hereto, Defendant Sheppard exercised managerial or supervisory responsibility over the Plaintiff.

## FACTUAL ALLEGATIONS

23. In 2023, while Plaintiff was a high school student in Suffolk County, New York, Seton Hall University, through its baseball program and agents, including Pitching Coach Jimmy Moran, actively recruited Plaintiff to join its Division I baseball team. Recruitment activities included Moran attending Plaintiff's games in New Jersey and Boston, Plaintiff's participation in two Seton Hall prospect camps, phone calls, emails, and scholarship offers directed to Plaintiff in Suffolk County, New York. Plaintiff met Defendant Rob Sheppard when visiting the campus for a formal scholarship offer and again to sign the offer, culminating in Plaintiff's commitment to enroll at Seton Hall in August 2024.

24. Seton Hall promoted its baseball program as a valuable educational and athletic opportunity, emphasizing leadership, teamwork, and personal growth in materials provided to Plaintiff and his family. These materials, including the university's website and recruitment communications, omitted any mention of known risks of hazing or misconduct within the baseball program, misleadingly presenting it as a safe environment.

25. Upon information and belief, Seton Hall University had actual knowledge of prior hazing incidents within its baseball program, including complaints of physical and sexual misconduct, before Plaintiff's enrollment in August 2024. Despite this knowledge, Seton Hall failed to implement effective anti-hazing policies, train coaches, or warn prospective student-athletes like Plaintiff of these risks.

26. Seton Hall's athletic department, including its baseball program, operates under policies that disproportionately expose male student-athletes to hazing risks compared to female student-athletes. Upon information and belief, female athletic teams at Seton Hall, such as softball or volleyball, face significantly fewer hazing incidents, and reports of misconduct in female teams are investigated and sanctioned more aggressively than in male teams.

27. This disparate treatment stems from Seton Hall's policy and practice, rooted in outdated gender stereotypes, of minimizing hazing of male student-athletes as "boys being boys" or acceptable masculine rites of passage, while treating misconduct in female teams as intolerable.

28. In late August 2024, upon arriving at Seton Hall University as a freshman student-athlete and a 17-year-old minor, Plaintiff was informed by upperclassmen of a "team tradition" requiring all freshmen to shave their heads. On move-in day, teammates teased Plaintiff about going "completely bald," showing him photos of prior freshmen who complied, creating an immediate sense of intimidation.

29. Shortly thereafter, in the team locker room, Defendant J.D. demanded that Plaintiff expose his genitals to the team, stating, "We've got to see what you've got down there." Despite Plaintiff's attempts to deflect, he was coerced into lowering his pants. The locker room erupted in laughter, with teammates, including Defendants J.D. and J.T., shouting degrading

remarks such as, "Whoa… you've got some balls down there!" This incident left Plaintiff humiliated and distressed.

30. In early September 2024, following Labor Day weekend, Plaintiff arrived at the locker room to find his name on a whiteboard, paired against Defendant A.S. for a wrestling match. Teammates had cleared the locker room to create a makeshift wrestling ring.

31. During the match, Defendant A.S. threw Plaintiff to the ground, dragged him across the floor, and body slammed him onto his back, placing him in a chokehold. Plaintiff sustained cuts and scars on his knees and elbows, spat blood, and struggled to walk back to his dorm. Photographic evidence documents bloodstains on Plaintiff's shorts and visible scars, some of which remain.

32. Following the wrestling incident, Plaintiff's father contacted Defendant Rob Sheppard to report the hazing and Plaintiff's injuries. Defendant Sheppard called Plaintiff, who detailed the wrestling match and the abusive locker room environment.

33. Sheppard assured Plaintiff that the hazing would stop and promised confidentiality.

34. Despite this assurance, Seton Hall and Defendant Sheppard failed to investigate the complaint, discipline perpetrators, or implement corrective measures, allowing the hazing to continue unabated.

35. Despite Sheppard's assurances, Plaintiff was labeled a "rat" in the team's group chat by teammates, including Defendant J.T., who accused him of reporting to the coach. Plaintiff was subsequently excluded from social events, ignored during practices, and alienated from the team, exacerbating his emotional distress.

36. Throughout September 2024, Plaintiff witnessed and was pressured to participate in the "Lotus" ritual, where teammates, including Defendants J.D. and J.T., lay naked on the

locker room floor and manipulated their genitals in front of the team. Plaintiff also observed public masturbation by J.D. and J.T., treated as a "joke" to entertain teammates.

37. When Plaintiff refused to participate in the "Lotus" ritual, teammates, including J.D. and J.T., ridiculed him, calling him a "pussy" and further isolating him. Plaintiff was also informed of planned "drinking initiation" and "naked wrestling matches" called "Kangs," which heightened his fear for his safety.

38. By late September 2024, unable to endure the ongoing abuse, Plaintiff consulted with his parents and decided to leave Seton Hall to protect his well-being and athletic career.

39. On his final day, Plaintiff met with Defendant Sheppard, reiterating the pervasive hazing and explaining that the program was unsafe.

40. Sheppard expressed disappointment but took no meaningful action to address the issues.

41. The hazing and abuse caused Plaintiff severe emotional distress, including humiliation, anxiety, and fear, which persist to the present. As a Division I athlete, Plaintiff's departure from Seton Hall cost him a season of eligibility and forced him to transfer to a Division III school, diminishing his visibility and professional baseball prospects.

42. Plaintiff's academic progress was disrupted by the transfer, and the psychological trauma from his experiences at Seton Hall has impaired his ability to focus on his studies, causing additional stress and harm.

43. Seton Hall University failed to enforce its Non-Hazing Policy (available at https://www.shu.edu/poli hazing-policy.html ), which prohibits hazing and mandates reporting and investigation of such incidents.

44. Despite being informed of the hazing by Plaintiff and his father, Seton Hall and

Defendant Sheppard failed to investigate or discipline the perpetrators, allowing the toxic culture to persist.

45. Seton Hall's inaction reflects a broader policy of deliberate indifference to gender-based harassment in its male athletic programs, particularly baseball, denying male student-athletes equal access to educational and athletic opportunities free from harassment.

### FIRST CLAIM OF RELIEF
### Violation of Title IX
### -Against Defendant Seton Hall University-

46. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

47. Seton Hall University, as a recipient of federal funding, is subject to Title IX, which prohibits discrimination on the basis of sex in educational programs and activities (20 U.S.C. § 1681 et seq.).

48. The hazing and abuse Plaintiff endured, including coerced sexual exposure, sexualized rituals (e.g., "Lotus"), public masturbation, and physical assault, constituted gender-based harassment. These acts targeted Plaintiff's male identity, involved sexual misconduct, and were rooted in gendered expectations of masculinity within the baseball program.

49. Seton Hall, through its athletic department and administrators, including Defendant Rob Sheppard, had actual knowledge of the severe and pervasive risks of hazing in its baseball program, including prior complaints of physical and sexual misconduct, before Plaintiff's enrollment in August 2024.

50. Despite this knowledge, Seton Hall maintained a policy and practice of responding with deliberate indifference to hazing of male student-athletes, including Plaintiff, while responding

more aggressively to misconduct in female athletic programs. This disparate treatment is based on outdated gender stereotypes that dismiss male hazing as "boys being boys" or acceptable masculine rites of passage, while treating misconduct in female programs as intolerable.

51. Upon information and belief, Seton Hall's female athletic teams, such as softball or volleyball, experience significantly fewer hazing incidents, and reports of misconduct in these programs are investigated and sanctioned more promptly and severely than in male programs like baseball.

52. Seton Hall's policy and practice of treating hazing of male student-athletes less seriously than hazing of female student-athletes has created a hostile educational environment, exposing male student-athletes to serious risks of physical and emotional harm not faced by their female counterparts, in violation of Title IX.

53. Seton Hall had actual notice of the hazing in the baseball program through Plaintiff's and his father's complaints to Defendant Sheppard in early September 2024, yet failed to take prompt and effective action to investigate, discipline perpetrators, or remedy the hostile environment.

54. Seton Hall's deliberate indifference is further evidenced by its failure to: Train coaches, including Defendant Sheppard, and athletic staff on recognizing and preventing gender-based hazing, despite known risks in the baseball program; Implement effective anti-hazing policies or oversight mechanisms for male athletic teams; Disclose known hazing risks in the baseball program to prospective student-athletes, including Plaintiff, during recruitment, instead promoting the program as a safe educational opportunity; Investigate or sanction the baseball program despite prior complaints of misconduct.

55. Seton Hall's promotional materials, including its website and recruitment communications, misled Plaintiff and his family by emphasizing the benefits of its baseball program without disclosing the severe risks of hazing, thereby encouraging Plaintiff's participation in a program known to be unsafe for male student-athletes.

56. As a result of Seton Hall's discriminatory policy and practice, Plaintiff was denied equal access to the educational and athletic opportunities of the baseball program, forced to endure a hostile environment, and ultimately compelled to leave the university to escape ongoing harassment.

57. As a direct and proximate result, Plaintiff suffered damages, including severe emotional distress, loss of educational and athletic opportunities, and damage to his professional baseball career, in an amount to be determined at trial.

**SECOND CLAIM OF RELIEF**
**Negligence**
**-Against Defendants Seton Hall University and Rob Sheppard -**

58. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

59. Defendants Seton Hall University and Rob Sheppard owed Plaintiff a duty of care to provide a safe educational and athletic environment, including protection from hazing and abuse

60. Defendants breached this duty by:

· Failing to enforce Seton Hall's Non-Hazing Policy;

· Failing to supervise the baseball team's locker room and practices;

· Failing to investigate or discipline perpetrators after receiving notice of hazing;

· Failing to train coaches and staff on anti-hazing policies; and

· Allowing a culture of hazing and sexual misconduct to persist in the baseball program.

61. Defendants' breach directly and proximately caused Plaintiff's physical injuries (cuts, scars, and pain from the wrestling match), emotional distress, and academic and professional harm.

62. Plaintiff is entitled to recover damages in an amount to be determined at trial.

### THIRD CLAIM OF RELIEF
### BATTERY
### -Against Defendant A.S. -

63. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

64. Defendant A.S. committed battery by intentionally and unlawfully body slamming Plaintiff, a 17-year-old minor, placing him in a chokehold, and causing physical injuries during the wrestling match in early September 2024.

65. These actions caused Plaintiff physical harm, including cuts, scars, and pain, as well as emotional distress and fear for his safety.

66. Plaintiff is entitled to recover compensatory and punitive damages in an amount to be determined at trial.

### FOURTH CLAIM OF RELIEF
### ASSAULT
### (Against Defendants J.D. and J.T.)

67. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

68. Defendants J.D. and J.T. committed assault by creating a reasonable apprehension of imminent harmful contact through their demands that Plaintiff, a 17-year-old minor, expose

himself and participate in sexualized hazing rituals, accompanied by threats of ridicule and ostracization.

69. These actions caused Plaintiff emotional distress and fear for his safety.

70. Plaintiff is entitled to recover compensatory and punitive damages in an amount to be determined at trial.

### FIFTH CLAIM OF RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Against All Defendants)**

71. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

72. Defendants' conduct—coercing Plaintiff to expose himself, physically assaulting him, pressuring him to participate in sexualized rituals, and retaliating against him—was extreme, outrageous, and beyond the bounds of decency.

73. Defendants acted intentionally or with reckless disregard for the likelihood that their conduct would cause severe emotional distress.

74. As a direct result, Plaintiff suffered severe emotional distress, including humiliation, anxiety, and ongoing psychological harm.

75. Plaintiff is entitled to recover compensatory and punitive damages in an amount to be determined at trial.

### SIXTH CLAIM OF RELIEF
### VIOLATION OF VIOLATION OF NEW JERSEY ANTI-HAZING LAW
**(Against All Defendants)**

76. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

77. Under N.J.S.A. 2C:40-3, hazing is unlawful when it involves reckless or intentional conduct that endangers the mental or physical health of a person for the purpose of initiation into a student organization.

78. Defendants' actions—coercing sexual exposure, orchestrating a violent wrestling match, and pressuring Plaintiff to participate in sexualized rituals—constituted hazing under N.J.S.A. 2C:40-3.

79. Seton Hall and Sheppard failed to prevent or address the hazing, while J.D., J.T., and A.S. actively participated in or facilitated it.

80. As a direct result, Plaintiff suffered physical injuries, emotional distress, and educational harm, entitling him to damages under N.J.S.A. 2C:40-4.

## DAMAGES

81. As a direct and proximate result of Defendants' actions and inactions, Plaintiff has suffered and continues to suffer: Serious physical injuries, including pain from the wrestling match; Severe emotional distress, including humiliation, anxiety, and psychological trauma; Loss of a Division I athletic season and diminished professional baseball prospects; Disruption of academic progress and additional stress from transferring schools; and Attorneys' fees, costs, and other expenses.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JOHN DOE respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against Defendants on all counts;
b. Award compensatory damages in an amount to be determined at trial, but not less than $1,000,000;
c. Award punitive damages to deter similar conduct in the future;
d. Grant injunctive relief, including:
    - Requiring Seton Hall to implement comprehensive anti-hazing training and enforcement protocols for all athletic programs, with specific measures to address gender-based hazing;
    - Enjoining Defendants from further contact with Plaintiff;
    - Mandating Seton Hall to revise its recruitment materials to disclose hazing risks in male athletic programs;
e. Award Plaintiff's attorneys' fees, costs, and expenses under Title IX (42 U.S.C. § 1988(b)) and applicable state laws;
f. Grant such other and further relief as the Court deems just and proper

Dated: May 28, 2025
New York, New York

Respectfully submitted,

MARK DAVID SHIRIAN P.C.

By:_____
Mark D. Shirian, Esq.
228 East 45th Street, 1700-B
New York, NY 10017
Telephone: (212) 931-6530
Email: mshirian@shirianpc.com
Bar No. (MS1202)
COUNSEL FOR PLAINTIFF

## ATTORNEY'S VERIFICATION

**MARK D. SHIRIAN**, affirms and says:

1. I am a member of the firm of MARK DAVID SHIRIAN P.C., attorneys for Plaintiff.

2. I make this verification because Plaintiff resides in a county other than New York County, New York, in which my office is located.

3. I have read the foregoing Complaint and it is true to the best of my knowledge and belief, after reasonable inquiry.

Dated: New York, NY
      May 28, 2025

_____
**MARK D. SHIRIAN**